## Case No. 14,788.

UNITED STATES v. CHASE et al.

[8 Chi. Leg. News, 123; 1 Law & Eq. Rep. 35; 22 Int. Rev. Rec. 10.]

Circuit Court, N. D. Ohio. Dec., 1875.

INTERNAL REVENUE — ACTION ON COLLECTOR'S BOND — PAYMENTS TO COLLECTOR.

[This was an action on a collector's bond by the United States against Harry Chase and others.]

Mr. Willey, U. S. Dist. Atty., and Mr. Sherman, Asst. U. S. Atty.

E. Bissfil, Geo. R. Haynes, and R. Waite, for defendants.

WELKER, District Judge. This was an action on an official bond, and the learned judge in substance said:

The defendant Chase, was collector of internal revenue for the Tenth district of Ohio, and as such officer received from the Toledo, Wabash and Western Railroad Company the sum of $24,823.87, being 5 per cent, reserved by said company on the payment of their coupons in the months of August, October and November, 1867, under section 122, of the act of June 30, 1864, and amended by section 9 of the act of July 13, 1866, and which sum he failed to pay over to the government. The company did not make return to the assistant assessor of the district of the said amount of said five per cent tax, but did make out such return and handed it to the collector to be by him delivered to the assistant assessor, which was not certified by the oath of either its treasurer or president. The company on the 1st day of June, 1868, and at the time said return was handed the collector, paid to the collector the amount of said tax, and the collector gave the company a receipt therefor signed by him as such collector. The return so made by the company and handed the collector was never delivered to the assistant assessor. On the trial it was claimed by the defendants, who were sureties of Chase on his collection bond, that they were not liable, because the return of said company was not made to the assistant assessor as required by law, and that therefore there was no proper or legal assessment of said tax so as to make the payment thereof to the collector a receipt of public money by him for which the sureties are liable. That it was a mere voluntary payment of said company to the collector, and not authorized by law.

Held: 1st. That the requirement of said section 122, that railroad companies shall deduct and withhold five per cent. of the amount of coupons, and pay the same to the government as a tax on such interest so received is a charge of a certain sum on the railroad company, and without assessment makes the company a debtor to the government for the sum prescribed. 2nd. That the collector was authorized to receive such tax without a return thereof having been made by said company to the assistant assessor as directed by said section. 3rd. That when the company made out and handed the collector to be given to the assessor a statement of amount of such reservation of five per cent. of interest received, it was such a fixing and acknowledgment of amount due the government, as made that amount received by the collector public money, and covered by the official bond of the collector, and for which sureties thereon are liable. 4th. That the supreme court of the United States in Re Savings Bank v. U. S., 19 Wall. [86 U. S.] 227, having decided that five per cent. undistributed earnings of said bank is a charge upon the bank, and without assessment, makes the bank a debtor for which a suit may be brought by the United States for its recovery, the principle of the decision applied to this case determines that the five per cent. due from the railroad company is such a debt due and payable to the United States, and that the collector being the only officer authorized to receive it, he having so received the same, it was public money in his hands.

Judgment for plaintiff for $35,725.65 and costs.